IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| FOGLE ENTERPRISES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| CICI ENTERPRISES, LP, | ) **JURY TRIAL DEMANDED** |
|    Serve: Corporate Creations Network Inc. | ) |
|          3411 Silverside Road | ) |
|          Tatnall Building, Ste. 104 | ) |
|          Wilmington, DE 19810 | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND DAMAGES**

Plaintiff Fogle Enterprises, Inc. ("FEI"), for its *Complaint for Declaratory Judgment, Preliminary and Permanent Injunctive Relief, and Damages* (the "Complaint") against CiCi Enterprises, LP ("CiCi's"), states and alleges as follows:

ALLEGATIONS COMMON TO ALL COUNTS

*Introduction*

1. This action is brought pursuant to a Franchise Agreement entered into between FEI and CiCi's (collectively, the "Parties") on August 25, 2015, for the operation of CiCi's Pizza restaurant #899 located at 3460 W. Highway 76, Branson, Missouri 65616. On or around January 21, 2022, CiCi's sent four notices of alleged default to FEI. The notices were sent to FEI during their seasonal closure and to an email address that had not been activated and had never been used in previous communications between the Parties. Despite CiCi's failure to provide proper notice of the alleged defaults to FEI, FEI has cured all of the defaults alleged by CiCi's in its January 2022 communications.

1

2. On or about February 21, 2022, counsel for CiCi's delivered to FEI a Notice of Termination, purporting to terminate the Franchise Agreement pursuant to Section XVI (A)(3)(b) of the Franchise Agreement, which provides for termination in the event that a "Franchisee fails to acquire an Approved Location for the Restaurant within the time and in the manner specified in the CiCi's Development Agreement or Site Selection Addendum to this Agreement." *See* <u>Exhibit A</u> (Feb. 21, 2022 Notice of Termination). The basis for termination cited by CiCi's was never mentioned in any of the previous communications sent to FEI. Furthermore, the location for store #899 was selected and approved at the time that the Franchise Agreement was executed *over seven years ago*. Therefore, CiCi's has failed to provide proper notice of its intent to terminate the Franchise Agreement and now intends to terminate the Franchise Agreement based on a default that has not occurred and is not applicable to FEI.

3. FEI seeks (1) a declaratory judgment that CiCi's purported basis for termination of the Franchise Agreement and the notice it has provided FEI are both incorrect and violations of both the Franchise Agreement and applicable state law; (2) injunctive relief in the form of a preliminary injunction and temporary restraining order to prevent CiCi's from shutting down support to FEI during the pendency of this litigation, as required under the Franchise Agreement; (3) injunctive relief in the form of a permanent injunction against CiCi's to prevent CiCi's continued breach of the Franchise Agreement, and (4) actual damages caused by CiCi's breach of the Franchise Agreement prior to the date of termination agreed to by the parties.

### *The Parties*

4. FEI is incorporated under the laws of the State of Missouri, with its principal place of business located at 500 W. Main Street, Suite 200, Branson, Missouri 65616, and is, therefore, a citizen of the State of Missouri.

5. CiCi's is a limited partnership formed under the laws of the State of Delaware, and, on information and belief, is not a citizen of the State of Missouri because neither its general nor limited partners are citizens of the State of Missouri.

*Jurisdiction and Venue*

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Parties are citizens of different states, and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

7. The Court has personal jurisdiction over CiCi's, because this action arises from CiCi's transaction of business within the State of Missouri.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to FEI's claims herein occurred within the Western District of Missouri.

*The Franchise Agreement*

9. On or about August 25, 2015, the Parties entered into a Franchise Agreement for the operation of CiCi's Pizza restaurant #899 located at 3460 W. Highway 76, Branson, Missouri 65616 (the "approved location"). A true copy of the Franchise Agreement is attached hereto as Exhibit B.

10. Over a period of approximately 7 years, FEI has successfully operated store #899 at the approved location.

11. On or around January 2021, CiCi's declared Chapter 11 bankruptcy and emerged from bankruptcy protection less than two months after with new owners and new management.

12. CiCi's new management is subject to the rights and obligations contained within the Franchise Agreement.

13. Pursuant to the Franchise Agreement, CiCi's is able to terminate the Franchise Agreement, without providing an opportunity to cure, for any of the reasons set out in Sections XVI (A)(2)-(3).

14. Otherwise, termination of the Franchise Agreement for any reason not listed under Section XVI (A)(2)-(3) of the Franchise Agreement, is subject to "at least" 30 day notice of termination and the right to cure. *See* Exhibit B, Section XVI (B).

15. Because store #899 is located within the state of Missouri, FEI is protected by the franchise laws created by Mo. Rev. Stat. § 407.400, and more specifically, a notice of termination is subject to Missouri's 90 day written notice.[1]

16. On or around January 21, 2022, CiCi's purportedly sent to FEI four notices of its alleged failure to comply with certain provisions of the Franchise Agreement.

17. The notices alleged various instances of default by FEI as follows: (1) Request to place regular food orders; (2) Request for weekly net sales to CiCi's from January 2, 2022 to January 21, 2022; (3) Request to comply with the hours of operation required by CiCi's; (4) Request to purchase beets, garbanzo beans, and straws from CiCi's; and (5) Request to sign up for the Olo online ordering system.

18. The notices of default are problematic for three reasons: (1) the notices were delivered by a method and means that CiCi's knew or should have known would not cause FEI to receive the notice; (2) the notices were sent during the off-season when store #899 was closed pursuant to an agreement FEI had with CiCi's prior management; and (3) the issues raised by

---

[1] *See C & J Delivery, Inc. v. Emery Air Freight Corp.*, 647 F. Supp. 867, 874 (E.D. Mo. 1986) (holding that Mo. Rev. Stat. § 407.400(1) "place of business requirement" was satisfied where a franchisee working with a national franchisor established a place of business within the state of Missouri.)

CiCi's in the notices have since then been cured, as allowed by the Franchise Agreement, and as such cannot be the basis for CiCi's intent to terminate the Franchise Agreement.

### *CiCi's Long-standing Practice of Communicating with FEI Through Means Other than the CiCi's Email System*

19. Importantly, the notices were sent to the nfogle@cicis.com email that has never been activated while FEI has operated store #899. After becoming aware of the notices, FEI has tried to set up the nfogle@cici.com email but needs technical help from CiCi's to finalize the process. CiCi's has not provided that assistance.

20. Prior to January 2022, all communications from CiCi's to FEI had been conducted through means other than the nfogle@cicis.com email.

21. It is evident from CiCi's long-standing pattern and practice of communicating with FEI through alternative means, that CiCi's was aware FEI used forms of communication other than the nfogle@cicis.com and that FEI did not have access to the nfogle@cicis.com email.

22. In fact, CiCi's owns and controls the nfogle@cicis.com email so any communications sent to that email address would presumably trigger a notice to CiCi's that the account is inactive or that the email cannot be delivered.

23. When FEI did not respond to CiCi's communications, CiCi's hired legal counsel to pursue termination of the Franchise Agreement under the false assumption that FEI had no interest in responding to CiCi's communications.

24. In addition to those issues with the method of providing the notices to FEI, the notices cannot be a valid basis for termination of the Franchise Agreement for the reasons below.

5

### *The Notices were sent During the Annual Closure of Store #899*

25. The notices regarding placement of food order, weekly net sales, and hours of operation were all delivered on January 21, 2022, during the time when FEI shuttered its restaurant due to the tourist off-season that occurs in Branson during the harsh winter months.

26. FEI had a long-standing agreement with previous management for CiCi's that allowed FEI to shut down for business during the off-months. For that reason, FEI did not place regular food orders, have weekly net sales, or comply with regular hours of operation during the period when the alleged defaults occurred.

27. Not only did CiCi's send the notices to FEI during the previously approved seasonal closure of store #889, but as mentioned above, the notices were sent to an email address that had not been activated, almost ensuring that FEI would not receive proper notice of CiCi's pre-textual allegations of default.

28. During the 7 years leading up to January 2022, CiCi's established a practice of communicating with FEI through alternative methods and allowing store #889 to shut down during the off-season. CiCi's decision to circumvent all previous methods of communication and instead insist on communicating with FEI solely through CiCi's email system is pre-textual and violates both the Franchise Agreement and Mo. Rev. Stat. § 407.405.

### *The Alleged Defaults have all been Cured Pursuant to the Franchise Agreement*

29. Outside of the relevant time period when FEI had shut down its business pursuant to its agreement with previous management for CiCi's, FEI makes regular food orders, makes daily sales that are reported to CiCi's through its Point of Sales devices as purchases are made, and is in compliance with the hours of operation required pursuant to the Franchising Agreement. FEI has communicated to CiCi's that it does not intend to shut down store #899 in the future without first

SPR 17917354.1

obtaining approval from new management. CiCi's has never issued a letter of termination regarding these nonmaterial breaches covered by Section XVI (B) of the Franchise Agreement. *See* Exhibit B at 45 § XVI B. By failing to do so, CiCi's has not even provided the notice that would trigger the right to cure under the parties' Franchise Agreement. *Id.* Even though CiCi's did not provide notice of termination for these nonmaterial defaults, FEI has cured any alleged default regarding FEI's placement of regular food order, weekly net sales, and hours of operation.

30. CiCi's also alleges in its notices that FEI has failed to purchase beets, garbanzo beans, and straws directly from CiCi's approved providers as required by the Franchise Agreement. This notice was received by FEI on October 7, 2016, well before the switch to new management. FEI also corrected this issue in 2016 and has ordered all beets, garbanzo beans, and straws from CiCi's approved providers since that time. Furthermore, as of January 2022, CiCi's no longer offers garbanzo beans for purchase, making it impossible for FEI to continue complying with the portion of the notice that relates to garbanzo beans.

31. CiCi's has not issued any notice that FEI is not purchasing food as required under the Franchise Agreement since the 2016 notice that has been cured.

32. For those reasons stated above, any default regarding FEI's purchase of beets, garbanzo beans and straws has also been cured and cannot be a basis for a future notice of termination.

### *CiCi's Bases for Terminating the Franchise Agreement are Baseless and Pre-textual*

33. On or about February 21, 2022, counsel for CiCi's delivered to FEI a Notice of Termination, purporting to terminate the Franchise Agreement pursuant to Section XVI (A)(3)(b) of the Franchise Agreement, which provides for termination in the event that a "Franchisee fails

SPR 17917354.1

to acquire an Approved Location for the Restaurant within the time and in the manner specified in the CiCi's Development Agreement or Site Selection Addendum to this Agreement."

34. The basis for termination cited by CiCi's counsel was never mentioned in any of the previous communications sent to FEI prior to February 21, 2022.

35. Furthermore, the location for store #899 was selected and approved at the time that the Franchise Agreement was executed. *See* Exhibit B.

36. A CiCi's restaurant has been open and operating at that location for almost 7 years.

37. Therefore, CiCi's has failed to provide proper notice of its intent to terminate the Franchise Agreement and now intends to terminate the Franchise Agreement based on a default that has not occurred and is not applicable to FEI.

### *CiCi's Breached its Obligations to Provide Support to FEI*

38. Pursuant to Section V(E) of the Franchise Agreement, CiCi's agrees to provide "[a]dvice and written materials concerning techniques of managing and operating the Restaurant from time to time." *See* Exhibit B. at 9 § V(E).

39. FEI has attempted on numerous occasions to communicate with CiCi's regarding issues it has encountered with its point of sale reader. CiCi's has not been responsive and has failed to provide FEI with the support it needs to continue operating its business.

40. FEI has not completed the sign up for the Olo online ordering system, as requested by CiCi's, because CiCi's will not help activate the nfogle@cicis.com email required to complete the registration.

41. CiCi's is in breach of its obligations under the Franchise Agreement and as such, any allegations of FEI's failure to comply with the regular operations required under the Franchise

Agreement, while CiCi's refuses to provide support needed to comply with FEI's obligations, are pre-textual in nature.

### COUNT I – DECLARATORY JUDGMENT

42. The allegations of paragraphs 1 through 41 above are incorporated herein by reference as though fully set forth herein.

43. The Franchise Agreement is a valid and enforceable contract entered into by and between the Parties.

44. As demonstrated above, CiCi's has breached several of its contractual obligations under the Franchise Agreement, including but not limited to the following:

   a. CiCi's has failed to provide FEI with the required 90 day notice of termination pursuant to applicable state law as set out by Section XVI(B);

   b. CiCi's reliance on Section XVI(A)(3)(b) to terminate the Franchise Agreement is both pre-textual in nature and baseless;

   c. CiCi's has failed to provide adequate support to FEI as required by Section V(E) of the Franchise Agreement.

45. Pursuant to 28 U.S.C. § 2201(a), FEI is entitled to Declaratory Judgment that:

   a. CiCi's has not fulfilled the notice requirements for termination of a franchise pursuant to the Franchise Agreement or applicable state law;

   b. CiCi's has failed to established a valid basis for termination of the Franchise Agreement; and

   c. CiCi's is in violation of the Franchise Agreement by failing to provide FEI with adequate support needed to continue operations.

## COUNT II – PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

46. The allegations of paragraphs 1 through 41 above are incorporated herein by reference as though fully set forth herein.

47. CiCi's has failed to provide necessary support to FEI, thereby interfering with FEI's ability to continue operations.

48. Pursuant to Section V(E) of the Franchise Agreement, CiCi's has agreed to provide necessary support to FEI throughout the life of the Franchise Agreement.

49. CiCi's will continue to unfairly interfere with FEI's ability to continue operations unless this Court orders CiCi's to comply with its obligations under the Franchise Agreement.

50. For that reason, and pursuant to Fed. R. Civ. P. 65(a)-(b) and 15 U.S.C. § 1116, FEI seeks injunctive relief in the form of a preliminary injunction and temporary restraining order to prevent CiCi's from shutting down support to FEI during the pendency of this litigation, as required under the Franchise Agreement.

## COUNT III – PERMANENT INJUNCTION

51. The allegations of paragraphs 1 through 41 above are incorporated herein by reference as though fully set forth herein.

52. For the reasons stated above and pursuant to Fed. R Civ. P. 65 and 15 U.S.C. § 1116, FEI seeks injunctive relief in the form of a permanent injunction against CiCi's to prevent CiCi's continued breach of its obligations under the Franchise Agreement.

## COUNT IV – DAMAGES FOR BREACH OF CONTRACT

53. The allegations of paragraphs 1 through 41 above are incorporated herein by reference as though fully set forth herein.

54. The Franchise Agreement is a valid and enforceable contract entered into by the Parties.

55. As demonstrated above, CiCi's has breached several of its contractual obligations under the Franchise Agreement, including but not limited to the following:

    a. CiCi's has failed to provide FEI with the required 90 day notice of termination pursuant to applicable state law as envisioned in Section XVI(B);

    b. CiCi's reliance on Section XVI(A)(3)(b) to terminate the Franchise Agreement is both pre-textual in nature and baseless; and

    c. CiCi's has failed to provide adequate support to FEI as required by Section V(E) of the Franchise Agreement.

56. Section III(A) of the Franchise Agreement states that, [u]nless sooner terminated as provided by Section XVII, the term of this Agreement shall continue from the Effective Date until ten (10) years from Opening Date.

57. Because the Franchise Agreement is not set to terminate until 2025, and because CiCi's does not have a valid basis to terminate the Franchise Agreement, any termination by CiCi's prior to the date of natural termination anticipated by the Franchise Agreement will result in loss of profits to FEI.

58. For that reason, if the status quo is not maintained and the Franchise Agreement is terminated by CiCi's, FEI seeks damages for all lost profits until the end of the Franchise Agreement in 2025.

59. FEI also seeks attorneys' fees and costs for breach of contract if such relief is available under the law applied in this matter.

WHEREFORE, Plaintiff Fogle Enterprises, Inc., prays for a judgment in its favor and against Defendant CiCi Enterprises, LP, as follows:

    A. for a declaratory judgment finding that:

  i.  CiCi's has failed to provide FEI with the required 90 day notice of termination pursuant to applicable state law as envisioned in Section XVI(B);

  ii.  CiCi's reliance on Section XVI(A)(3)(b) to terminate the Franchise Agreement is both pre-textual in nature and baseless;

  iii.  CiCi's has failed to provide adequate support to FEI as required by Section V(E) of the Franchise Agreement.

B. for preliminary and permanent injunction pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65:

  i.  enjoining CiCi's from shutting down support to FEI during the pendency of this litigation, as required under the Franchise Agreement; and

  ii.  enjoining CiCi's from violating any of its obligations under the Franchise Agreement.

C. for judgment against CiCi's in an amount equal to FEI's loss of profits;

D. for attorneys' fees and costs; and

E. for such other and further relief as the Court deems just and proper.

*Respectfully submitted,*

   */s/ Jason C. Smith*
Jason C. Smith  Mo. Bar No. 57657
Derek A. Ankrom  Mo. Bar No. 63689
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, Mo. 65804
Telephone: 417-888-1000
Facsimile: 417-881-8035
jcsmith@spencerfane.com
dankrom@spencerfane.com
***Attorneys for Plaintiff Fogle Enterprises, Inc.***