IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **FOGLE ENTERPRISES INC.,** | |
| **Plaintiff,** | |
| v. | Case No.: 6:22-cv-03134-MDH |
| **CICI ENTERPRISES, L.P.,** | |
| **Defendant.** | |

## ORDER

Before the Court is Defendant Cici Enterprises's Motion to Dismiss for Forum Non Conveniens. (Doc. 7). Defendant moves to dismiss Plaintiff's Complaint pursuant to the doctrine of *forum non conveniens* on the basis that the parties' contract at issue contains a valid forum selection clause requiring all disputes to be litigated in a different forum. Plaintiff opposes the motion. The motion is fully briefed and ripe for review.

## BACKGROUND

Plaintiff filed a Complaint for declaratory judgement, preliminary and permanent injunctive relief, and damages. Plaintiff's lawsuit arises out of a Franchise Agreement entered into between Plaintiff and CiCi's (collectively the "Parties") on August 25, 2015, for the operation of CiCis Pizza restaurant in Branson, Missouri. On or around January 21, 2022, CiCis, a national franchisor of the Cicis®-brand of franchised pizza restaurants, sent four notices of alleged default to Plaintiff. Plaintiff alleges the notices were sent to an email address that had not been activated and had never been used in previous communications between the Parties. As a result, Plaintiff

alleges CiCis failed to provide proper notice of the alleged defaults to Plaintiff. Plaintiff further alleges it has cured all of the defaults alleged by CiCis in its January 2022 communications.

On or about February 21, 2022, Plaintiff received a Notice of Termination, purporting to terminate the Franchise Agreement pursuant to Section XVI (A)(3)(b) of the Franchise Agreement, which provides for termination in the event that a "Franchisee fails to acquire an Approved Location for the Restaurant within the time and in the manner specified in the CiCis's Development Agreement or Site Selection Addendum to this Agreement." Plaintiff also alleges CiCis failed to provide proper notice of its intent to terminate the Franchise Agreement and now intends to terminate the Franchise Agreement based on a default that has not occurred and is not applicable to Plaintiff.

Plaintiff attached the Franchise Agreement to the Complaint. CiCis has also attached a copy of the Franchise Agreement to its Motion to Dismiss. The parties do not dispute the validity of the Franchise Agreement. However, the parties dispute the application of the terms, including Defendant's right to terminate, Defendant's notices of default, Plaintiff's ability to cure any defects, and other applications of the agreement.

The issue before the Court at this time is the Franchise Agreement's jurisdiction and venue clause. Section XVIII, subsection H, of the Franchise Agreement expressly states, in pertinent part:

> JURISDICTION AND VENUE; GOVERNING LAW. WITH RESPECT TO ANY CLAIMS, CONTROVERSIES OR DISPUTES WHICH ARE NOT FINALLY RESOLVED THROUGH MEDIATION[1] OR AS OTHERWISE PROVIDED ABOVE, FRANCHISEE AND THE CONTROLLING PRINCIPALS HEREBY IRREVOCABLY SUBMIT THEMSELVES TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE, COUNTY OR JUDICIAL DISTRICT IN WHICH THE FRANCHISOR'S PRINCIPAL PLACE

---

[1] Section XVIII, subsection G, of the Franchise Agreement expressly states that the Parties agree to submit any claim, controversy or dispute arising out of the Agreement to non-binding mediation prior to bringing such claim, controversy or dispute in a court. The Parties do not raise the issue of whether the Parties mediated this claim prior to filing their lawsuits.

2

OF BUSINESS IS LOCATED. FRANCHISEE AND THE CONTROLLING PRINCIPALS HEREBY WAIVE ALL QUESTIONS OF PERSONAL JURISDICTION FOR THE PURPOSE OF CARRYING OUT THIS PROVISION AND AGREE THAT ANY LITIGATION RELATING TO OR ARISING OUT OF THIS AGREEMENT OR THE RELATIONSHIP CREATED BY THIS AGREEMENT SHALL TAKE PLACE IN THE STATE OF TEXAS … FRANCHISEE AND THE CONTROLLING PRINCIPALS HEREBY FURTHER AGREE THAT VENUE FOR ANY PROCEEDING RELATING TO OR ARISING OUT OF THIS AGREEMENT SHALL BE THE COUNTY OR JUDICIAL DISTRICT IN WHICH THE FRANCHISOR'S PRINCIPAL PLACE OF BUSINESS IS LOCATED.

Defendant moves to dismiss this case arguing Plaintiff ignored the forum selection clause. Plaintiff argues the forum selection clause is unenforceable because it violates a strong public policy and is unjust and unreasonable.

### STANDARD

A valid forum selection clause should be given "controlling weight in all but the most exceptional cases." *Atlantic Marine Constr. Co. Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988)). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.*

The Eighth Circuit has held that "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (internal citation omitted). Valid forum selection clauses are enforceable unless they would "actually deprive the opposing party of his fair day in court." *Id.* "The fact contract was a form contract and that the individual clauses were not actually negotiated does not render the clause per se unenforceable." *Id.* at 753.

# DISCUSSION

CiCis argues the Agreement, which is governed by Texas law, requires all disputes arising out of the Agreement to be litigated in the courts in Dallas, Texas. Plaintiff argues this Court should not apply the forum selection clause because it is unjust, unreasonable, or invalid for reasons such as fraud and overreaching. Citing *Union Elec. Co. v. Energy Ins. Mut. Ltd*., 689 F.3d 968, 973 (8th Cir. 2012); see *M/S Bremen v. Zapata Off–Shore Co*., 407 U.S. 1 (1972). Plaintiff argues Missouri has a strong public policy in favor of protecting those who have unequal bargaining power as well as those who fall victim to unfair business practices. In *Union Elec. Co.*, the Eighth Circuit held that the district court failed to address Missouri's public policy concerning mandatory arbitration provisions in insurance contracts. *Id.* at 974.

Here, Plaintiff relies on Mo. R.S.Mo Section 407.405 in support of its argument that this Court should not enforce the forum selection clause. The Eighth Circuit, in *Elec. & Magneto Serv. Co. Inc. v. AMBAC Int'l Corp*, stated that Section 407.405 is part of Chapter 407 and deals broadly with "Merchandising Practices" and protects Missourians from improper practices associated with charitable solicitations, time-shares, home solicitations, rent-to-own agreements, buyers' clubs, automobile subleasing and renting, and health clubs. *Elec. & Magneto Serv. Co. Inc. v. AMBAC Int'l Corp*, 941 F.2d 660, 663 (8th Cir. 1991) (internal citations omitted), abrogated by *Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189 (8th Cir. 1992). Chapter 407 also prohibits "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise...." *Id*. "In short, Chapter 407 is designed to regulate the marketplace to the advantage of those traditionally thought to have unequal bargaining power as well as those who may fall victim to unfair business practices." *Id.*

4

In relying on this Missouri statute Plaintiff contends in addition to considering Missouri's public policy this Court should find the forum selection clause "unfair" and that the contract was adhesive because the parties had unequal standing of bargaining power.

The Court has reviewed the Agreement, the case law, and the parties' arguments. While Plaintiff makes numerous arguments regarding CiCis failure to "provide any good cause for its alleged termination of FEI's franchise" and other breaches of the Agreement, Plaintiff's arguments do not change the validity of the Agreement or the terms of the forum selection clause. Here, the two parties negotiated the terms of the Agreement and Plaintiff has not alleged facts constituting an unjust or unreasonable agreement. Plaintiff's claims do not involve allegations concerning the protection of those traditionally thought to have unequal bargaining power or those who may fall victim to unfair business practices.

Further, Plaintiff's Complaint does not raise any claims of fraud or coercion. See M.*B. Restaurants, Inc. v. CKE Restaurants, Inc*., 183 F.3d at 753 ("the fact that the contract was a form contract and that the individual clauses were not actually negotiated does not render the clause per se unenforceable."). In addition, while Plaintiff does not want to litigate its claim in Texas, an adequate alternative forum is available in Texas and the Court does not find that "extraordinary circumstances unrelated to the convenience of the parties" exist or that Texas courts are biased or incompetent to handle these claims. See *Atlantic Marine*, 571 U.S. at 64.

Finally, the Court acknowledges Plaintiff's Complaint alleges that "[b]ecause store #899 is located within the state of Missouri, FEI is protected by the franchise laws created by Mo. Rev. Stat. § 407.400, and more specifically, a notice of termination is subject to Missouri's 90 day written notice." The Court finds this argument may be made regarding the notice provisions

5

provided by CiCis and any choice of law provisions applicable to the Agreement. The Court does not find that this allegation somehow renders the forum selection clause inapplicable.

## CONCLUSION

Wherefore, for the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED**. The case is dismissed without prejudice.

**IT IS SO ORDERED.**

Date:  October 6, 2022

                                                *s/ Douglas Harpool*
                                                Douglas Harpool
                                                United States District Judge